UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                                    Case No. 8:09-CR-58-T-23MAP
                                               8:09-CR-106-T-23MAP

**CHRISTOPHER ROBINSON**
_____/

O R D E R

This cause comes on for consideration of Defendant's motions styled "Motion Pursuant to Federal Rules of Civil Procedure - Rule 60(b)(6) Requesting the Court to Recall the Order/Mandate Issued on 11/12/2009-- To Correct An Injustice." (Case No. 8:09-Cr-58-T-23MAP, D-51 and Case No. 8:09-CR-106, D-81).

By way of background, Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). On November 12, 2009, the Court sentenced Defendant to a term of imprisonment of 240 months, as to each Count, the sentences to run concurrently to one another. The Court issued a corrected judgment on November 16, 2009. Defendant did not appeal.

On September 17, 2012, the Court received Defendant's pro se motions. Defendant argues that the Court erred in relying on three

of the convictions that supported his career offender enhancement. He argues that his two prior drug convictions do not constitute controlled substance offenses or serious drug offenses and that his resisting arrest with violence conviction does not constitute a crime of violence.

First, Defendant cannot use Rule 60(b) to attack his criminal judgment. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003) (citation omitted) ("Rule 60(b) simply does not provide relief from judgment in a criminal case"); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). As such, to the extent Defendant attempts to challenge his underlying criminal conviction pursuant to Rule 60(b)(6), the Court lacks jurisdiction to provide relief.

Defendant's motions would be more properly brought pursuant to 28 U.S.C. § 2255 as he challenges his sentences. However, even if the Court were to construe Defendant's motions as brought pursuant to § 2255 they would be untimely. A timely § 2255 motion would have had to been filed by November 30, 2010. Defendant filed the instant motions nearly two years after the expiration of statute of limitations. Furthermore, Defendant cannot circumvent the one-year limitation period by labeling the motions as ones for relief under Rule 60(b). United States v. Huerta-Zarco, Case No. 8:06-Cr-251-T-24, 2010 WL 1839110, at *1 (M.D. Fla. 2010).

Finally, even if the Court were to construe the motions as seeking relief under § 2255 and even if the motions were timely,

Defendant would not be entitled to relief. Notably, Defendant had four convictions underlying the career offender enhancement: (1) Possession of Cocaine with Intent to Sell or Deliver in Case No. CF93-4761A1-XX; (2) Resisting Officer with Violence in Case No. CF98-3976A-XX; (3) Manslaughter in Case No. CF02-2759A-XX; and (4) Possession of Cocaine with Intent to Sell in Case No. CF03-443-XX. (PSI ¶ 42.) Defendant does not contest that his manslaughter conviction constitutes a crime of violence for purposes of the career offender enhancement. As such, in order to have been properly determined to be a career offender, only one more of the other foregoing convictions must constitute a predicate offense.

The Eleventh Circuit has found that resisting arrest constitutes a violent felony under the Armed Career Criminal Act. United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010) (per curiam), cert. denied, 132 S.Ct. 258 (2011). Additionally, the Eleventh Circuit has found that resisting arrest with violence in violation of Fla. Stat. § 843.01 constitutes a crime of violence for purposes of § 4B1.2(a)(2). Robinson v. United States, 441 Fed. Appx. 709, 710 (11th Cir. 2011) (per curiam); United States v. Baptiste, 436 Fed. Appx. 964, 965 (11th Cir.)(per curiam), cert. denied, 132 S. Ct. 862 (2011).[1] As resisting arrest with violence qualifies as a crime of violence for purposes of the career

---

[1] The Court acknowledges that unpublished opinions are not binding authority; however, they may be cited as persuasive authority.

offender enhancement, Defendant has at least two qualifying felonies.

Finally, while Defendant contends that his two drug convictions were for simple possession, the judgments show that Defendant has two convictions for possessing cocaine with the intent to sell or deliver pursuant to Fla. Stat. § 893.13(1)(a)(1). These convictions were punishable by imprisonment for a term exceeding one year. The convictions were correctly counted toward the career offender enhancement, and Defendant would not be entitled to any relief.

It is therefore ORDERED that:

1) Defendant's motion styled "Motion Pursuant to Federal Rules of Civil Procedure - Rule 60(b)(6) Requesting the Court to Recall the Order/Mandate Issued on 11/12/2009-- To Correct An Injustice" (8:09-Cr-58-T-23MAP, D-51) and 8:09-CR-106, D-81) are DENIED.

DONE AND ORDERED at Tampa, Florida this 19th day of September, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE